IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAFAEL ALMANAZAR,                            :
         Petitioner,                          :
   v.                                        : Case No. 3:26-cv-152-KAP
PENNSYLVANIA PAROLE BOARD, *et al.*,         :
         Respondents                          :

Report and Recommendation

Recommendation

Petitioner Almanazar's petition for a writ of habeas corpus should be denied without prejudice as unexhausted and without a certificate of appealability. In the alternative the Court should summarily deny the petition on the merits without a certificate of appealability under Habeas Rule 4. The Clerk shall draw a District Judge to preside over this matter and shall add counsel for the Pennsylvania Parole Board to the docket for notice purposes only, with no duty to respond.

Report

I submit this Report and Recommendation now because preservice dismissal is appropriate. This case is on all fours with the recent decision in Bechdel v. Pennsylvania Parole Board, 2025 WL 4080458 at *1  (W.D. Pa. Nov. 17, 2025), *report and recommendation adopted*, 2026 WL 196454 (W.D. Pa. Jan. 26, 2026)(Fischer, J.). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4), a district court has the power and the duty to examine habeas petitions filed pursuant to 28 U.S.C.§ 2254 before service, to screen out meritless applications and eliminate the burden on respondents of assembling an unnecessary answer. *See* Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir.1999), quoting Advisory Committee Notes to Habeas Rule 4. *See also* 28 U.S.C.§ 2243. One issue that can be raised *sua sponte* where the record is clear is a petitioner's failure to exhaust state law remedies. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998). That is the case here.

Almanazar submits an 8-paragraph fill-in-the-blanks form petition the Court has seen many times from inmates at S.C.I. Houtzdale, asserting that the denial of parole to him violates the rationale of Block v. Potter, 631 F.2d 233, 240 (3d Cir.1980), in which the Court of Appeals held that the Virgin Islands could not deny parole "on the basis of factors that are divorced from the policy and purpose of parole," giving as examples "race, religion, political beliefs, or another impermissible factor." The dates of the parole decision (January 2, 2026) and the habeas petition (January 25, 2026) show that Almanazar cannot possibly have exhausted his remedies in state court. The form petition

asserts that exhaustion is not required because DeFoy v. McCullough, 393 F.3d 439 (3d Cir.2005) held that there is no remedy for Almanazar's asserted constitutional wrong in state court. Almanazar is wrong on both counts. To repeat what I wrote in Bechdel:

> Petitions for habeas corpus, whether governed by the general provisions of 28 U.S.C.§ 2241(c)(3) or the specific provisions of 28 U.S.C.§ 2254(a) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 for petitions challenging custody under state court sentences, allow a writ of habeas corpus only where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Additionally, AEDPA codifies the longstanding limit on the federal power to issue a writ of habeas corpus to cases where there has been an exhaustion of remedies in the state courts. *See* Castille v. Peoples, 489 U.S. 346, 349 (1989). Exhaustion requires the petitioner to first present to the state courts the same legal arguments addressing the same factual context that the petitioner presents to the federal court. *See* Baldwin v. Reese, 541 U.S. 27, 29-33 (2004); Duncan v. Henry, 513 U.S. 364, 366 (1995) (*per curiam*). Under 28 U.S.C.§ 2254(b)(1)(A) and (2), a federal court can deny a writ of habeas corpus sought on an unexhausted claim that a petitioner's custody is unlawful, but it cannot grant a writ of habeas corpus unless the petitioner has exhausted the remedies available for such claims in state court or has shown that exhaustion is excused because there is an absence of available state corrective process, or because circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C.§ 2254(b)(1)(B).

The citation of DeFoy v. McCullough for the proposition that there is no exhaustion requirement in challenges to denials of parole has been rejected for about a decade. In addition to Bechdel, s*ee* Bradley v. Wingard, No. 3:15-cv-235-KRG-KAP, 2017 WL 11476608, at *1–2 (W.D. Pa. Oct. 12, 2017), *report and recommendation adopted*, 2018 WL 10150909 (W.D.Pa. Sept. 5, 2018), *certificate of appealability denied*, No. 18-3196 (3d Cir. March 8, 2019). As I noted in Bechdel, the Commonwealth Court considers petitions for mandamus presenting constitutional challenges to the denial of parole. *Id.,* 2025 WL 4080458 at *2, *citing* Short v. Barkley, No. 438 M.D. 2016, 2017 WL 1337557, at *2 (Pa.Cmwlth. Apr. 12, 2017)(considering but rejecting as insufficient a constitutional claim by Short that he was denied parole on the basis of his race and mental illness.) *and* Toland v. Pennsylvania Board of Probation & Parole, 263 A.3d 1220, 1233 (Pa.Cmwlth. 2021)("[U]nder our precedent, both *ex post facto* claims and due process challenges may be raised in a mandamus action."), *adhered to in* Toland v. Pennsylvania Board of Probation and Parole, 311 A.3d 649 (Pa.Cmwlth. 2024). Because Almanazar makes no effort to explain why a mandamus action in the Commonwealth Court is unavailable to him the Court should summarily deny the petition as unexhausted.

If the Court wishes to reach the merits of the petition it should summarily deny the petition on the merits without need of service or a response. Rule 2(c) of the Rules governing Habeas Corpus Cases under Section 2254 in the United States District Courts,

2

42 U.S.C.§, also made applicable to Habeas Corpus Cases under Section 2241 by Rule 1(b), requires Almanazar to set forth all the claims he intends to present and the facts that support those claims. *See* Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting with approval the Advisory Committee's Note on Habeas Corpus Rule 4, that "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). At page 5 of the 15-page Appendix to the form petition, there is a single page in which Almanazar personally comes through. Almanazar gives four reasons why he should be paroled: he attaches various certificates that reflect his participation in programs, he produces a misconduct report showing his last misconduct was in November 2024, he notes that in 2020 he acted to assist a corrections officer who was having a seizure, and he says that he was told by "parole" in 2025 that if he completed certain programs and remained misconduct free he would be granted parole in 2026.

Almanazar argues that he has completed all programs and that the Notice of Board Decision shows that the Board got the facts of his case wrong because, as he interprets it, the language of the Notice of Board Decision falsely asserts that he was not misconduct free in 2025 and had not completed his programs. Almanazar misreads the Board's Notice: it gives as reasons for denying parole that petitioner had misconducts on his record and needed a **longer** misconduct-free period, not that petitioner committed misconducts in 2025. And the explanation for the Board's language about completion of programs could be something as simple as the fact that the Notice issued on January 2, 2026 was based on an earlier interview (the date, probably in December 2025, is not given) that may have been before the completion date of one of Almanazar's programs (the Violence Prevention High Intensity program ended on December 17, 2025, after having been projected to end on January 13, 2026) or before the documentation of that completion date.

But it is immaterial for purposes of habeas review whether the Board made a factual error in one component of its decision or preprinted the Notice of Board Decision and failed to update it before issuing it. Habeas corpus jurisdiction does not give a federal court power to exercise plenary review of a state's parole decisions, much less to proofread their notices for style, since habeas review does not even require that there be an opinion memorializing the state's decision. *See* Harrington v. Richter, 562 U.S. 86, 98 (2011). Because Almanazar points to no impermissible factor allegedly used by the Board such as race, religion, or political beliefs, he states no claim under Block v. Potter. Almanazar asks this court to re-weigh the same evidence considered by the Parole Board and come to a result favorable to Almanazar.

What I wrote in Bechdel is even more starkly presented in this case: *de novo* review of state parole decisions is not just bad constitutional law, it is beyond the institutional

competence of federal judges who are currently straining to handle several hundred habeas petitions under 28 U.S.C.§ 2241 challenging immigration detention to consider thousands of challenges under 28 U.S.C.§ 2254 to Pennsylvania parole denials simply because inmates can produces a form petition citing <u>Block v. Potter</u> and <u>DeFoy v. McCullough</u>.

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). Because there is no reasonable debate that on this record Almanazar's petition is unexhausted and his claim is meritless, no certificate of appealability should issue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are advised that they have fourteen days to file written objections to my recommendation. Failure to file timely and specific objections may result in any appeal being severely hampered or entirely defaulted.  <u>See</u> <u>EEOC v. City of Long Branch</u>, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: February 9, 2026

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Rafael Almanazar QA-1391
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000